UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SOLOMON BRAUN, individually and on behalf of
all others similarly situated,

                                Plaintiff,                      DECISION AND ORDER

vs.

                                                          21-CV-6071 (CJS)

RELIN, GOLDSTEIN & CRANE, LLP,

                               Defendant.
_____

      Plaintiff Solomon Braun ("Braun") filed this putative class action complaint against Defendant Relin, Goldstein & Crane, LLP ("RGC") alleging that RGC violated his rights under the Fair Debt Collection Practices Act ("FDCPA"). Compl., Jan. 26, 2021, ECF No. 1. Specifically, Braun claims that: (1) in violation of 15 U.S.C. § 1692e, RGC falsely and deceptively represented that an attorney was meaningfully involved in sending a collection letter to Braun, and (2) RGC's conduct constituted a threat of potential legal action that "overshadowed" RGC's disclosure of Braun's rights under 15 U.S.C. § 1692g. Compl. at ¶ 45–125.

      The matter is presently before the Court on RGC's motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mot. to Dismiss, Mar. 29, 2021, ECF No. 6. For the reasons stated below, RGC's motion to dismiss Braun's complaint [ECF No. 6] is granted, and the Clerk is directed to close this case.

BACKGROUND

      On July 12, 2020, the law firm of Relin, Goldstein & Crane, LLP ("RGC") generated a letter to Solomon Braun, on the firm's letterhead, that read as follows:

      Creditor: American Express

> Principal Amount Due: $1,254.43
> Payments and/or Credits: $0.00
> Total Amount Due: $ 1,254.43     Account # Ending in **********52000
>
> Dear SOLOMON BRAUN:
>
> Our office represents American Express regarding the above account. We are sending this letter based on account information provided by our client. Please direct any future communications to our office.
>
> Unless you notify this office within thirty days after receiving this notice that you dispute the validity of the debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such verification or judgment. Upon your written request within the thirty-day period, after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> Please contact us between the hours of 8am-5pm. Monday through Friday at 800-203-9552 to resolve your balance.

Compl. (Ex.), Jan. 26, 2021, ECF No. 1-1.

The letter contained handwriting in blue ink which recorded the date and inscribed a signature purportedly of V.S. Vilkhu, Esq. Beneath the hand-written signature, there were two checkboxes: one for Joseph M. Shur, Esq., and one for V.S. Vilkhu, Esq. *Id.* The box for V.S. Vilkhu, Esq. contained a hand-written checkmark, also in blue ink. *Id.* Beneath the checkboxes was a notice which stated: "This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose." *Id.* On the second page of the letter RGC listed activities that it was prohibited from engaging in under the FDCPA, as well as forms of income that it was not permitted to take to pay the debts. *Id.*

Braun's complaint is based entirely upon the letter he received from RGC. In his

first cause of action, Braun alleges, in pertinent part:

> 67. The Letter purports to be signed by V.S. Vilkhu, Esq.
>
> 68. Upon information and belief, the Letter was not authored by V.S. Vilkhu, Esq.
>
> 69. Upon information and belief, V.S. Vilkhu, Esq was not involved in the sending of the Letter.
>
> 70. Upon information and belief, no attorney with [RGC] sent the Letter to [Braun].
>
> 71. The Letter states that [RGC] was relying solely on information provided by its client in sending the Letter.
>
> 72. No attorney with [RGC] was genuinely involved in the review of [Braun]'s alleged Debt prior to the Letter being sent to [Braun].
>
> 73. No attorney with [RGC] was meaningfully involved in the review of [Braun]'s alleged Debt prior to the Letter being sent to [Braun].
>
> 74. No attorney with [RGC] was personally involved in the review of [Braun]'s alleged Debt prior to the Letter being sent to [Braun].
>
> 75. The Letter misleads consumers into believing that there was meaningful attorney involvement in the collection of the debt.

Compl., ¶ 67–75. Based on these allegations, Braun claims that RGC made false and deceptive representations in connection with the collection of an alleged debt in violation of 15 U.S.C. § 1692e.

In his second cause of action, Braun claims that RGC violated 15 U.S.C. § 1692g because "the potential threat of legal action overshadows the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." Compl. at ¶ 118. That is, Braun claims that RGC's use of its law firm letterhead, its representation that the letter was from an attorney, its omission of a disclaimer that it was acting only as a debt collector, and its inconspicuous placement of the required

validation notice violated the FDCPA because it would cause the "least sophisticated consumer" to become uncertain or confused as to his rights. Compl. at ¶ 89–125.

RGC has moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff has failed to plead a sufficient factual basis for either cause of action. Def. Mem. of Law, 3– 11, Mar. 29, 2021, ECF No. 6-2.

## STANDARD OF REVIEW

At the outset, the Court notes that the purpose of Federal Rule of Civil Procedure 12(b)(6) "is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief without resolving a contest regarding its substantive merits." *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006) (emphasis omitted). An action must be dismissed under Rule 12(b)(6) "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). To survive a motion to dismiss under Rule 12(b)(6), on the other hand, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Where a plaintiff's factual allegations are "merely consistent with" a defendant's liability, those allegations "stop[] short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557). Moreover, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss." *Kirch v. Liberty Media Corp.*,

449 F.3d 388, 398 (2d Cir. 2006) (citation and internal quotation marks omitted). For instance, "a plaintiff cannot avoid the necessity of pleading a plausible claim supported by factual allegations merely by asserting statements 'upon information and belief' without explaining the basis for the belief." *Whiteside v. Hover-Davis, Inc.*, No. 19-CV-6026 CJS, 2020 WL 979785, at *4 (W.D.N.Y. Feb. 28, 2020), *aff'd*, 995 F.3d 315 (2d Cir. 2021). Claims premised on "information and belief" allegations can survive a motion to dismiss only "where the facts are peculiarly within the possession and control of the defendant," or "where the belief is based on factual information that makes the inference of culpability plausible." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010).

DISCUSSION

In its memorandum supporting the motion to dismiss, RGC maintains that Braun's claim that an attorney was not meaningfully involved in sending RGC's letter "amounts to nothing more than a bald assertion that RGC committed an FDCPA violation . . . . [and] should be dismissed for failure to allege sufficient facts." Def. Mem. of Law at 8. With respect to Braun's claim that the threat of legal action "overshadowed" the required notices and disclaimers regarding debt collection by a law firm, RGC argues that the count should be dismissed for failure to allege sufficient facts because their "[l]etter makes no mention of legal action and makes no threats whatsoever." *Id.* at 11. Braun opposes RGC's motion, and maintains that his complaint is supported by "well-settled tenets" of Second Circuit law and the FDCPA.

<u>The FDCPA: 15 U.S.C. § 1692e and § 1692g</u>

"The purpose of the [Fair Debt Collection Practices Act] is to protect consumers from abusive, harassing, threatening, misleading and otherwise unscrupulous debt

5

collection practices." *Meselsohn v. Lerman*, 485 F. Supp.2d 215, 218 (E.D.N.Y. 2007) (citing *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir. 1996)). To this end, the FDCPA "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection, and requires that such debt collectors advise the consumers whose debts they seek to collect of specified rights." *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001).

§ 1692e of the FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation in connection with the collection of any debt." § 1692e details a list of violations, including "(3) [t]he false representation or implication that . . . any communication is from an attorney," "(5) [t]he threat to take any action that cannot legally be taken or that is not intended to be taken," and "(10) [t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." This list is non-exhaustive, and "the use of any false, deceptive, or misleading representation in a collection letter violates § 1692e — regardless of whether the representation in question violates a particular subsection of that provision." *Bitzko v. Weltman, Weinberg & Reis Co.*, LPA, No. 117CV00458BKSDJS, 2019 WL 4602329, at *4 (N.D.N.Y. Sept. 23, 2019) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1320 (2d Cir. 1993)).

"Relatedly, § 1692g requires debt collectors to send consumers written notice of their right to dispute a debt." *Denciger v. Network Recovery Servs., Inc.*, 493 F. Supp.3d 138, 141 (E.D.N.Y. 2020). The Second Circuit has summarized the requirements of § 1692g:

> Within five days of a debt collector's initial communication with a debtor (referred to in the Act as a "consumer"), the debt collector must send the consumer a written "validation notice" setting forth, among other things, the consumer's right to dispute the debt. *See* 15 U.S.C. § 1692g(a). The consumer has thirty days from receipt of the validation notice to send the debt collector a notification disputing the debt. See § 1692g(a), (b). Unless the consumer disputes the debt, the debt collector is generally free to continue its collection activities and to communicate with the consumer during the thirty-day "validation period." *See* § 1692g(b); *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 89 (2d Cir. 2008). Collection activities and communications by the debt collector during the validation period must not, however, overshadow or be inconsistent with the disclosures the Act requires be provided in the validation notice. *See* § 1692g(b); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996).

*Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 131–32 (2d Cir. 2010).

To determine whether a debt collector has violated either § 1692e or § 1692g, the Second Circuit uses an objective standard based on the "least sophisticated consumer." *Clomon*, 988 F.2d at 1318 (2d Cir. 1993). This hypothetical consumer "does not have the astuteness of a Philadelphia lawyer or even the sophistication of the average, everyday, common consumer." *Ellis*, 591 F.3d at 135 (internal quotation marks and citation omitted). But the consumer "is neither irrational nor a dolt," and a court must be "careful not to conflate lack of sophistication with unreasonableness." *Id*. (internal quotation marks and citation omitted). "[E]ven the 'least sophisticated consumer' can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Clomon*, 988 F.2d at 1319. "Accordingly, FDCPA protection does not extend to every bizarre or idiosyncratic interpretation of a collection notice . . . ." *Easterling v. Collecto, Inc.*, 692 F.3d 229, 233–34 (2d Cir.2012) (internal quotation marks omitted). Although the Second Circuit has not yet spoken on the issue, the trend in the circuit is to treat the question as to whether the objective "least sophisticated consumer"

standard has been breached as a matter of law that can be resolved on a motion to dismiss. *Susino v. Lacy Katzen LLP*, 524 F. Supp.3d 116, 122 (W.D.N.Y. 2021) (collecting cases); *Vetrano v. CBE Grp., Inc.*, No. CV153185JSAKT, 2016 WL 4083384, at *4 (E.D.N.Y. Aug. 1, 2016) (collecting cases).

<u>Braun's Claim Under § 1692e</u>

As indicated above, Braun alleges that the letter he received from RGC constituted a violation of § 1692e because it suggested that an attorney had been meaningfully involved in the review of Braun's debt when in fact no attorney was meaningful involved. In support of this allegation, Braun states that the letter purports to be signed by attorney V.S. Vilkhu, Esq., but "upon information and belief" was not authored by Attorney Vilkhu, who was not even involved in sending the letter at all. Compl. at ¶ 67–69. In fact, Braun states that "[u]pon information and belief" no attorney with RGC either sent the letter or was "genuinely," "meaningfully," or even "personally" involved in review of Braun's alleged debt. Compl. at ¶ 70, 72–74. In addition, Braun interprets RGC's letter as stating that RGC "was relying *solely* on information provided by its client in sending the letter." Compl. at ¶ 71 (emphasis added). RGC maintains that these allegations amount to nothing more than a bald assertion of an FDCPA violation.

As Plaintiff points out, "the Second Circuit has declined to set out minimum standards regarding what steps an attorney should take prior to sending out a collection letter." Pl. Mem. of Law, 11, Apr. 29, 2021. Nevertheless, it is well-settled that a letter sent on law firm letterhead represents a level of attorney involvement to the debtor receiving the letter, and is misleading within the meaning of the FDCPA if an attorney had not, in fact, engaged in that implied level of involvement. *Greco v. Trauner, Cohen & Thomas,*

*L.L.P.*, 412 F.3d 360, 364 (2d Cir. 2005) (citing *Clomon*, 988 F.2d at 1321; *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 301 (2d Cir. 2003)). Further, "meaningful attorney involvement" before sending a debt collection letter requires more than just reviewing a debtor's name, social security number, current address, telephone number, account number, and amount of the debt; the attorney must exercise some manner of "professional judgment." *Miller*, 321 F.3d 292 at 305. Hence, "a determination of whether an attorney had conducted meaningful review is a fact-intensive analysis, turning on such questions as 'precisely what information the [attorneys] reviewed, how much time was spent reviewing plaintiff's file, and whether any legal judgment was involved with the decision to send the letters.'" *Luftig v. Sokoloff*, No. 13-CV-4313 FB VVP, 2015 WL 151463, at *1 (E.D.N.Y. Jan. 13, 2015) (quoting *Miller*, 321 F.3d at 307).

In the present case, however, the Court agrees with RGC that Braun's pleadings allege an insufficient factual basis to state a claim for violation of § 1692e based on a lack of meaningful attorney involvement. To begin with, Braun's allegation that RGC's letter stated that it "was relying *solely* on information provided by its client in sending the letter" (Compl. at ¶ 71) is factually inaccurate. The letter itself does not include the word "solely," or any synonym of "solely," and indicates simply that the letter was "based on account information provided by our client." Compl. (Ex.) at 1. This distinction, though subtle, is important: "[A]lthough . . . an attorney may not rely *entirely* on his client's assertions about circumstances of an individual debtor, . . . where an attorney has reason to believe the client is providing reliable information, some degree of reliance is permissible." *Susino*, 524 F. Suppl at 128 (quoting *Miller v. Wolpoff & Abramson, L.L.P.*, 471 F. Supp.2d 243, 254 (E.D.N.Y. 2007) (emphasis in original)). Braun's allegation in this regard, in and of

9

itself, is therefore insufficient to establish misrepresentation under the FDCPA.

More to the point, Braun's other relevant allegations are conclusory. As indicated above, where an allegation is made "upon information and belief," a plaintiff must explain the basis for his belief to render that allegation plausible under the Rule 12(b)(6) standard, unless "the facts are peculiarly within the possession and control of the defendant . . . ." *Whiteside*, 2020 WL 979785 at *4. Even where the facts are "peculiarly within the possession and control of the defendant," however, the complaint must nonetheless provide "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal[ity]." *Arista Records, LLC*, 604 F.3d at 120 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Braun's pleadings fail to sufficiently explain the basis for his beliefs, or to raise a reasonable expectation that discovery will reveal evidence of illegality. For instance, in his papers, Braun points out details of RGC's letter that are consistent with a form letter or mass-mailing: i.e., a checkbox beneath the signature line to indicate which attorney was signing the letter, and standardized fields for the name of the creditor and amount due. Pl. Mem. of Law at 12. Braun claims that the standardized fields "are undoubtedly merged electronically without any review," but fails to support that assertion with any particular or plausible factual allegations.

Similarly, Braun fails to plead any specific facts that would justify the conclusion that there was no meaningful attorney involvement in either the preparation of his letter or the review of his debt. Notwithstanding the "wet ink" signature and date on the letter, Braun flatly asserts that the signature does not belong to Attorney Vilkhu, that Attorney Vilkhu was not meaningfully involved in drafting the letter, and that Attorney Vilkhu was not involved in sending the letter or reviewing Braun's file at all. Comp. at ¶ 72–74. Without

providing some factual detail to justify these assertions, such allegations are insufficient to support the conclusion that there was no meaningful attorney involvement. *See Susino*, 524 F. Supp.3d at 127–128 (citing *Barata v. Nudelman, Klemm & Golub, P.C.*, No. CIV. 2:13-4274 KM, 2015 WL 733628, at *3 (D.N.J. Feb. 19, 2015); *Richardson v. Midland Funding, LLC*, No. CIV. CCB-13-1356, 2013 WL 6719110, at *8 (D. Md. Dec. 18, 2013)). Consequently, Braun's claim pursuant to 15 U.S.C. § 1692e must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (the Federal Rules of Civil Procedure do "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions").

<u>Braun's Claim Under § 1692g</u>

Braun's second cause of action alleges that RGC's letter violates 15 U.S.C. § 1692g because it "fails to advise [Braun] of the fact that the assignment of his alleged Debt to a law firm does not override his right to dispute or seek validation of the alleged debt." Pl. Mem. of Law at 12. Braun alleges that Defendant placed the validation notice required by § 1692g "on the Letter in an inconspicuous manner," which would cause the "least sophisticated consumer" to overlook his validation rights, to believe the rights to be unimportant, to decline to exercise the rights, or to become confused or uncertain as to the rights. Compl. at ¶ 109–16. Therefore, Braun maintains that the letterhead of the law firm, and the attorney's signature on the letter, created a potential threat of legal action that overshadowed and was inconsistent with Braun's validation rights. Compl. at ¶ 117–19; Pl. Mem. of Law at 13 (citing *Avila v. Rubin*, 84 F.3d 222, 228 (7th Cir. 1996)).

As stated above, when a third-party debt collector like RGC collects on consumer debt, the FDCPA requires it to send the debtor a detailed validation notice within five days of the initial communication. 15 U.S.C. § 1692g(a). 15 U.S.C. § 1692g(b) states in part

that, "[a]ny collection activities and communication during the 30-day period [during which the debtor may exercise his or her validation rights] may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." "A notice overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain as to her rights." *Jacobson v. Healthcare Fin. Servs.*, *Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) (internal quotation marks and citation omitted). "In assessing whether the validation notice is overshadowed by the format of the letter, this court must evaluate the letter in its entirety." *Solovyova v. Grossman & Karaszewski PLLC*, No. 19-CV-2996, 2021 WL 535209, at *6 (E.D.N.Y. Feb. 12, 2021) (citing, *inter alia*, *McStay v. I.C. System, Inc*., 308 F.3d 188, 191 (2d Cir. 2002)).

In this case, the second paragraph, which is by far the longest paragraph of the short letter, is devoted exclusively to advising the debtor of his validation rights:

> Unless you notify this office within thirty days after receiving this notice that you dispute the validity of the debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such verification or judgment. Upon your written request within the thirty-day period, after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Compl. (Ex.) at 1. There is no reference in the letter to potential legal action, the language regarding Braun's validation rights is clear, and the closing lines of the body of the letter merely invite Braun to contact RGC by phone between 8 am and 5 pm, Monday through Friday, to resolve the unpaid balance on his credit card. Compl. (Ex.) at 1. In short, "nothing in the letter overshadows or contradicts the required notices . . . ." *Delfonce v.*

*Eltman L., P.C.*, 712 F. App'x 17, 20 (2d Cir. 2017).

## CONCLUSION

For the foregoing reasons, it is hereby,

ORDERED that Defendant RGC's motion to dismiss Plaintiff Braun's complaint [ECF No. 6] is granted, and the Clerk of Court is respectfully directed to close this case.

Dated: November 1, 2021
Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge